IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERNDISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-CR-005-RAW |
| ) | |
| TRAVIS GENE SLOAT, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the Defendant Travis Gene Sloat's Unopposed Motion for Continuance [Docket No. 20] requesting a continuance of the trial presently set for the March 7, 2023 trial docket to the May 2, 2023 trial docket and an order extending the attendant deadlines associated therewith. The Government does not oppose the request.

Counsel requests a continuance for the following reasons which give cause for excludable time under the Speedy Trial Act. Defendant was just recently arraigned on February 1, 2023. Counsel represents that additional time is needed to review the discovery, investigate the offense, consult with Mr. Sloat, continue negotiations with the government and effectively prepare for trial or other resolution of the matter. The court finds that additional time is necessary for reviewing discovery, investigations, meetings with the defendant and trial preparation considering counsel's exercise of due diligence. *See* 18 U.S.C. §3161(h)(7)(B)(iv).

Further, the court recognizes that the logistical complications created by

*McGirt* require additional time for travel, meetings with clients, court scheduling and preparation to effectively represent the defendant at trial.

Continuance of the jury trial may implicate the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq*. The Act requires a defendant to be brought to trial within seventy days of his initial appearance in the charging district. The request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. The statute permits a court to consider whether "the failure to grant such a continuance... would deny counsel for the defendant... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a

motion for continuance "result in the need for additional time." *Id.* at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id.* at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

The court accepts the representation of counsel that defendant has been fully advised of his rights under the Sixth Amendment of the U.S. Constitution and understands the need for a continuance to adequately prepare for trial or other resolution of this matter. Defendant asks the court to grant an ends of justice continuance.

The Court finds that an ends of justice continuance is appropriate under the circumstances presented in the motion. Counsel's request for additional to adequately prepare and effectively represent the defendant in the trial or other resolution of this matter is reasonable. Further, defendant is asking the Court to exclude any period of delay for an ends of justice continuance. In addition to the interests of the Defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that the motion is granted. The jury trial set for the March 7, 2023 Trial Docket is stricken and reset to the May 2, 2023 Trial Docket. The pretrial motions deadline is hereby stricken and reset to March 27,

2023. The pretrial conference currently set for February 16, 2023 is hereby stricken to be reset by the court at a later date.

**IT IS FURTHER ORDERED** that the time from March 7, 2023 to May 2, 2023, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 10th day of February, 2023.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA