## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.  CR-23-05-RAW** |
| | ) | |
| **TRAVIS GENE SLOAT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

Before the Court is Defendant, Travis Gene Sloat's Unopposed Motion for Continuance [Docket No. 24]. The defendant requests a continuance of the trial presently set on the May 2, 2023 trial docket to the July 5, 2023 trial docket  and an order extending the attendant deadlines associated therewith.

The government does not object to the request for continuance.

The request for continuance is made for the following reasons which give cause for excludable time under the Speedy Trial Act.  Defense counsel has other trials which may present a scheduling conflict.   Further, a continuance will provide both parties additional time to investigate, interview witnesses, and receive and review discovery, request additional discovery and prepare for trial or other resolution of the case.

The court finds that a denial of the motion under the facts of this case would unreasonably deny the defendant reasonable time necessary for effective preparation and disposition of the case, taking into account the exercise of due diligence by counsel.

The court recognizes that the *McGirt* ruling has resulted in voluminous caseloads and conflicts for counsel and courts and has caused delays in reviewing discovery with defendants, interviewing witnesses and investigating offenses.

Continuance of the jury trial may implicate the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq. The Act requires a defendant to be brought to trial within seventy days of his initial appearance in the charging district. The instant request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. The statute permits a court to consider whether "the failure to grant such a continuance... would deny counsel for the defendant... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007). In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result in the need for additional time." *Id*. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id. at*

1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273. The Court finds that an ends of justice continuance is appropriate under the circumstances presented in Defendant's motion. The request for additional time to prepare is reasonable. The cause warrants the extension in the interest of justice to ensure Defendant's informed decision regarding a plea agreement or to effectively prepare for a trial. The court accepts the representation of counsel that the defendant has been informed of his right to a speedy trial pursuant to the Sixth Amendment of the United States Constitution and agrees that his best interest is served by this request.

Further, the Court finds justification to exclude the period of delay for an ends of justice continuance. In addition to the interests of the Defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

The court further finds that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A) and (B). The period of delay resulting from this continuance is considered excludable time as provided in 18 U.S.C. § 3161(h)(7)(A).

Upon a review of the record and for good cause shown, the motion is GRANTED. The jury trial set for May 2, 2023 is hereby stricken and the case is reset to the July 5, 2023 Trial Docket. The pretrial motions deadline is hereby stricken and reset to May 26, 2023.  The pretrial conference currently set for April 20, 2023 is stricken to be reset by the court at a later date.

**IT IS FURTHER ORDERED** that the time from May 2, 2023 to July 5, 2023, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

IT IS SO ORDERED this 10th day of April, 2023.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA