**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| *Plaintiff*, ) | |
| ) | Case No.: **CR-23-005-RAW** |
| vs. ) | |
| ) | |
| **TRAVIS GENE SLOAT,** ) | |
| *Defendant*. ) | |

**DEFENDANT'S TRIAL BRIEF**

**COMES NOW**, Defendant Travis Gene Sloat, by and through his attorney of record, Matthew R. Price, and respectfully submits its brief for trial in the above-captioned case.

FACTS OF THE CASE

J.C. is a friend of the Defendant's daughter and was staying the night at Defendant's home sometime in 2021. J.C. made a cellphone recording of another cell phone. The first visible frame of the video from the other cell phone contains a bathroom sink and the Defendant, putting the camera down on an angle that goes towards the ceiling. The screen on Defendant's phone cannot be seen while J.C. manipulates the phone in some manner. J.C. claims she deleted the video on Defendant's phone. The recording made by J.C. depicts no intimate areas of J.C.

PROCEDURAL HISTORY

An indictment charged Defendant with one count of attempted sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(a) and 2251(e). In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First: At the time alleged, J.C. was under the age of 18 years;

Second: The defendant attempted to employ or use J.C. to engage in sexually explicit conduct;

Third: The defendant acted with the purpose of producing a visual depiction of such conduct;

and Fourth: The defendant attempted to produce the visual depiction using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means, including by computer or cellular phone.

A person is "used" if they are photographed or videotaped.

"Sexually explicit conduct" means actual or simulated lascivious exhibition of the anus, genitals, or pubic area of a person.

In deciding whether an exhibition is lascivious, you may consider these six factors: (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer. This list is not exhaustive, and a visual depiction need not satisfy any single factor to be deemed lascivious. Instead, you must determine whether the visual depiction is lascivious based on its overall content. It is for you to decide the weight or lack of weight to be given any of these factors. These are the *Dost* factors and should be argued to the jury.

The term "visual depiction" includes video or picture, whether made or produced by electronic, mechanical, or other means. It includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

An item is "produced" if it is produced, directed, manufactured, issued, published, advertised, created, made, or is in any other way brought into being by the involvement of an individual participating in the recording of child pornography. The government is not required to prove that the defendant knew that J.C. was under the age of 18.

## WITNESSES

The below list is not exhaustive but illustrative of the potential witnesses to be called by the Defendant. Defendant retains the right to testify on his own behalf.

1. Rob Frazier

    Approximately 15 minutes

    Frazier will testify about his interactions and lack of interactions with Defendant and E.R. grandmother of J.C. and their residence.

## CONCLUSION

The Defendant respectfully submits this trial brief to anticipate the factual and legal issues which may arise at trial. The Defendant requests that this Court grant it leave to submit additional briefing should subsequent issues be identified.

WHEREFORE the Defendant moves this Court review this trial brief and all further relief as this Court deems appropriate.

Dated June 6, 2023

        Respectfully submitted,

        **s/ <u>Matthew R. Price</u>**
        MATTHEW R. PRICE,
        State Bar of Oklahoma #32486
        Attorney for the Defendant
        HAMMONS HAMBY & PRICE, PLLC
        330 N. 4th Street
        Muskogee, OK 74401
        Telephone:   (918) 683-0309
        Facsimile:    (918) 686-7510
        Email:         mrp@hammonsprice.com

Criminal Cases Only:
**Retained**

**Certificate of Service**

__X__ I hereby certify that on June 6, 2023, I electronically transmitted this document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

        **s/ Matthew R. Price**