**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| *Plaintiff*, ) | |
| ) | Case No.: **CR-23-005-RAW** |
| vs. ) | |
| ) | |
| **TRAVIS GENE SLOAT,** ) | |
| *Defendant*. ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE OF OTHER ACTS PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)(2)**

**COMES NOW**, Defendant Travis Gene Sloat, by and through his attorney of record, Matthew R. Price, and in response to the United States of America's notice concerning its intent to introduce evidence of other acts pursuant to FRE 404(b)(2) states as follows:

**I.     STATEMENT OF FACTS**

In late 2021, Defendant, Travis Sloat was at his home while his daughter A.S. had a friend over, J.C. During a forensic interview, J.C. states that she asked Mr. Sloat to take a shower in the bathroom. Mr. Sloat used the bathroom and left his cell phone in the bathroom.

According to a video filmed by J.C. of Mr. Sloat's phone, Mr. Sloat is standing in the bathroom in basketball shorts and no shirt. He sets the phone down on a pile of clothes, while not looking at the camera during the few remaining seconds he is in the bathroom. The camera on the phone is laid down with the frame of view pointed towards the ceiling, capturing an area above the toilet. At this point in the video created by J.C., J.C. scrolls through the video to images of J.C. fully clothed. She reaches for the camera and purposefully angles it around to see a pile of clothes. The video ends at this point. The video from Mr. Sloat's phone was destroyed by J.C. The recording she made is 12 seconds and no intimate areas of J.C. are depicted. No part of the recording depicts J.C. unclothed.

On March 21, 2022, J.C. sends the video she made to Alicia Sloat, Mr. Sloat's wife. In response to this, Mr. Sloat immediately contacted Mark Hayes, principal of Okay High School, his employer. Mr. Sloat announced his intention to resign from his position as Okay Schools and discussed the event and his ignorance of the event until being made aware by his wife with Mr. Hayes. Mr. Sloat returned all school property including all electronics, computers, passwords, etc.

Defendant is charged with one count of attempted sexual exploitation of a child in violation of 18 U.S.C. §2251(a) and 2251(e). (Doc. No. 2) The case is scheduled currently for Jury Trial on July 24, 2023. (Doc. No. 45)

## II.    APPLICABLE LAW

"Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(a)(1). The law's default is that propensity evidence is not allowed.

The Court has asserted the general reason for 404(a)(1), "it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge. The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice." *Michelson v. United States*, 335 U.S. 469, 475–76, 69 S. Ct. 213, 218–19, 93 L. Ed. 168 (1948)

The government cites the limited exception to the rule in which evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

To assist in our inquiry, *Huddleston v. United States*, 485 U.S. 681 (1988), put forth four factors as follows: 1) the evidence must be offered for a proper purpose; 2) the evidence must be relevant under Rules 401 and 402; 3) the probative value of the evidence must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and 4) the district court must, upon request, instruct the jury to consider the evidence only for the purposes for which it was admitted. *United States v. Henthorn*, 864 F. 3d 1241, 1247-1248 (10th Cir. 2017), citing *Huddleston*, 485 U.S. at 691-92. Even with these factor's the Court warned to tread lightly stating, "We share petitioner's concern that unduly prejudicial evidence might be introduced under Rule 404(b)." *Huddleston* at 691.

Phrased simply, 1) proper purpose, 2) relevant, 3) substantially more probative than prejudicial, and 4) limiting instruction. The heft of precedent seems to focus on factors 2 and 3.

**A) Factor 1: Proper purpose**

While FRE 402(b)(2) lays out what the Court can consider a proper purpose, they have also tackled what might be determined an improper purpose, "An improper basis is more likely to surface when the government introduces evidence that impugns the defendant's character or "provokes an emotional response in the jury." Id.; see also Wilson, 107 F.3d at 785 (conviction for drug possession unfairly prejudicial for proving drug distribution charge because it "tends to incriminate [the defendant's] character and portray him as a drug user, who thus is likely to be the individual who sold cocaine" at a particular house). *United States v. Brooks*, 736 F.3d 921, 941 (10th Cir. 2013). This indicates that proper purpose means more than the government stating a

"proper purpose" listed in FRE 402(b)(2). The evidence itself must be examined to determine if the government put forth that evidence to impugn character or elicit emotion from the jury.

    B) **Factor 2: Relevance**

In helping the Court determine what is relevant "Where the uncharged acts show motive, intent, or knowledge, they are admissible "whether the acts involved previous conduct or conduct subsequent to the charged offense, as long as the uncharged acts are similar to the charged crime and sufficiently close in time." *United States v. Mares*, 441 F.3d 1152, 1157 (10th Cir. 2006) citing *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir.2000). Further expounding on defining similar, "If the crimes share elements that possess "signature quality," evidence of the "other crime" may be admitted." *United States v. Gutierrez*, 696 F.2d 753, 755 (10th Cir. 1982). We have identified a number of non-exclusive factors in assessing similarity: (1) whether the acts occurred closely in time. See *Olivo*, 80 F.3d at 1468; see also *United States v. Bonnett*, 877 F.2d 1450, 1461 (10th Cir.1989) (reviewing the admission of subsequent bad acts under Rule 404(b) and explaining that "[t]he closeness in time and the similarity in conduct [are] matters left to the trial court, and [its] decision will not be reversed absent a showing of abuse of discretion"); (2) geographical proximity, see *Zamora*, 222 F.3d at 762–63 (evidence of robbery of restaurant in same town as charged attempted bank robbery); (3) whether the charged offense and the other acts share similar physical elements, see id.; see also *Gutierrez,* 696 F.2d at 755 (subsequent robbery similar to charged robbery in that defendant in both instances drove getaway car and used her children as "cover"); and (4) whether the charged offense and the other acts are part of a common scheme, see *United States v. Becker*, 230 F.3d 1224, 1232–33 (10th Cir.2000) (drug defendant's prior convictions for methamphetamine possession and distribution not admissible under Rule 404(b)

in part because the prior acts lacked a common scheme with the charged offense of methamphetamine production ). *Mares* at 1158.

The Court, however, was clear that, "The closeness in time and the similarity in conduct were matters left to the trial court, and his decision will not be reversed absent a showing of abuse of discretion." *Bonnett*, at 1461.

### C) Factor 3: Substantially More Probative that Prejudicial

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The third factor requires giving value to the relevant evidence determining if it is more probative than prejudicial. "Unfair prejudice in the Rule 403 context "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed.R.Evid. 403 advisory committee's note." *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001).

To further narrow the inquiry, "[e]vidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *Tan* at 1211-12 citing *Rodriguez*, 192 F.3d at 951 (quotation omitted) (emphasis added).

Just as with the other factors, the Court has made an emphasis that it is at the trial court's discretion in the third factor, "We, however, leave Rule 403 balancing more broadly to the discretion of the trial courts." *Tan* at 1212.

D) Factor 4: Limiting Instruction

To soften the blow of any prejudicial evidence admitted, the fourth factor seeks to reinforce the first factor to the jury, letting them know this information is only to be considered for that purpose.

### III.   ANALYSIS

The Government listed several witnesses it intends to call for FRE 402(b)(2) purposes which proposed evidence is incorporated in this response only insofar as the evidence and manner the government intends to bring them in and not accepting the characterization of. These witnesses include: An adult woman (J.S.) who Mr. Sloat did not take hidden pictures or film hidden videos of. Three adults (A.T., B.C., and K.G.) who claim they received what they believed to be inappropriate messages as adults from Mr. Sloat. A former student (C.T.) who Mr. Sloat did not take pictures of or set up a camera to take hidden pictures or videos of. A friend of his daughter (T.R.) who he did not take pictures of or set up a camera to take hidden pictures or videos of. A former student (A.R.) who Mr. Sloat did not take pictures of or set up a camera to take hidden pictures or videos.

A) *Huddleston* **Factors**

I.   Proper Purposes

The government lists four "proper purposes" for including these witnesses: Motive, intent, common plan, lack of accident. It is not enough to cite these words as listed in FRE 402(b)(2). As to motive, they have listed sexual arousal or gratification generally. None of the witnesses put forth by the government would allege that the Defendant filmed any of them with a hidden camera to watch later for his sexual gratification. As it falls short of a proper purpose, we must look to what the government actually intends this evidence for, to illicit an emotional response

from the jury and impugn Mr. Sloat's character. This evidence would attempt to paint to the jury that Mr. Sloat is not guilty of this particular crime, but some kind of deviant in general so they should find him guilty (going to the type of propensity evidence that 404(a)(1) is trying to exclude).

II.     Relevance

In considering relevance, part of the factors we look to are closeness in time and similarity of conduct.

The government stretches to compare what it calls similar conduct: an interest in adult nude photographs and adult communication, and a cell phone left in a bathroom pointing toward the ceiling on a pile of clothes that captured images of something that was destroyed by J.C.

The closeness in time factor seeks to link events together. However, none of these events are linked. No witness proffered by the government for this purpose will discuss Mr. Sloat producing or attempting to produce videos of them undressed.

The government is trying to sell Mr. Sloat as an expert in cell phones and because he knows how to use one, an ability possessed by billions worldwide. The government believes there has to be a "type" of person who accidentally activates a phone's videorecording function. Not that any of their FRE 402(b)(2) witnesses are going to speak to that.

The government considers these unrelated things as important it seems because it wants to depict a "creepy" person to the jury. This could cause the jury to make decisions not based on this particular charge, but on the impugned character of Mr. Sloat.

III.    Substantially More Probative than Prejudicial

Even if the Court determines the evidence to be for a proper purpose and relevant, FRE 403 and *Huddleston* require that even relevant evidence's probative value can be outweighed by its prejudicial effect causing unfair prejudice.

Evidence cobbled together to strike at an emotional response from the jury can and most likely will be used for improper purposes. The government must be required to stand on the evidence of the charged offense. Through witnesses such as J.C., directly connected to this event, the government will be able to attempt their arguments to the jury under the same theories. Excluding these proposed witnesses under FRE 403 deprives the government of nothing and protects Mr. Sloat's right to a fair and impartial jury. It allows the jury to consider only the strength of the government's evidence on this charge and not confuse the jury with these other acts or attempt to impugn Mr. Sloat's character such that the jury bases their decision on something other than this charge.

IV.   Limiting Instruction

If the government's witnesses are allowed, defense will submit a proposed jury instruction admonishing the jury to consider the proposed evidence only as it relates to Mr. Sloat's motive, intent, plan, and lack of accident. However, we plead with the Court to consider that just as the dangers of Pandora's Box was not remedied by closing the box, a limiting instruction to the jury does not prevent the government's witnesses being used for improper purposes.

WHEREFORE the Defendant moves this Court excludes Government's 404(b)(2) witnesses and for any and all further relief as this Court deems appropriate.

Dated June 21, 2023

Respectfully submitted,

**s/ <u>Matthew R. Price</u>**
MATTHEW R. PRICE
State Bar of Oklahoma #32486
Attorney for the Defendant
HAMMONS HAMBY & PRICE, PLLC
330 N. 4th Street
Muskogee, OK 74401
Telephone: (918) 683-0309
Facsimile: (918) 686-7510
Email: mrp@hammonsprice.com

Criminal Cases Only:
**Retained**

### Certificate of Service

__X__ I hereby certify that on June 21, 2023, I electronically transmitted this document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

**s/ Matthew R. Price**