IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-23-005-RAW |
| | ) |
| TRAVIS GENE SLOAT, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

### ORDER

Before the court is the United States' notice of intent to introduce evidence of other acts pursuant to Federal Rule of Evidence 404(b)(2). The charged conduct in this case (as elaborated by briefing) is that a 14-year-old friend (J.C.) of defendant's daughter was spending the night at defendant's house and asked to use the shower. Defendant insisted that he use the bathroom first, which he did. After taking a shower, J.C. was sitting on the toilet and saw defendant's cell phone sitting on a pile of clothing directly beneath the bathroom vanity, evidently "aiming" at the bathroom area. J.C. deleted a video she found on defendant's phone. Defendant denies having known about the video on his phone or that his phone was recording.

The government's notice lists seven groups of acts allegedly involving the defendant. The government argues that such evidence is pertinent to the enumerated purposes of motive, intent, plan, absence of mistake, or lack of accident. At the pretrial conference, the court expressed doubt that any of the proposed evidence would be admitted, and gave defendant a

chance to file a written response. Defendant has now done so (#46) and the court now reiterates the tentative ruling made at the pretrial conference.

Rule 404(b) F.R.Evid. is one of inclusion, rather than exclusion, unless the evidence is introduced for the impermissible purpose (i.e., propensity) or is unduly prejudicial. *See United States v. Reynoso,* 861 Fed.Appx. 204, 208 (10th Cir.2021). The court must consider (1) whether the evidence is offered for a proper purpose; (2) its relevance; (3) whether the probative value of the evidence is substantially outweighed by its prejudicial effect; and (4) a limiting instruction if the defendant so requests. *Huddleston v. United States,* 485 U.S. 681, 691 (1988).

Moreover, where other-act evidence is admitted for a proper purpose and is relevant, it may be admissible even though it has the potential impermissible side effect of allowing the jury to infer criminal propensity. *United States v. Moran,* 503 F.3d 1135, 1145 (10th Cir.2007). Nevertheless, in the present case the court agrees with defendant's objection.

The incidents in the notice are as follows: (1) the FBI search of the school-owned computer that defendant used while a teacher was found to contain a nude photo of an adult female in a shower. A former school employee identified herself as the female in the photograph. The employee stated she often forgot her phone at school and it would have been possible for defendant to obtain the photo from her phone. Further analysis established that defendant emailed the photo to himself and also forwarded the photo to defendant's wife under the subject line "Paper forms." (2) After student A.T. graduated from Okay High

2

School defendant offered her $50 for inappropriate photos of herself. A.T. related this to her fiancé, who texted defendant, calling defendant a "pervert" and telling him to leave A.T. alone. (3) B.C., who also graduated from Okay High School in 2017, received a text message from defendant to which was attached a screenshot of the message defendant had received from A.T.'s fiancé, which called defendant a "pervert." Upon being told the likely reason was defendant seeking photos from A.T., defendant replied "Well, what can I say, I'm a guy and I like boobs." B.C. also recalled that K.G. had told B.C. that defendant had asked K.G. to send defendant inappropriate photos of herself. (4) Defendant was C.T.'s yearbook adviser during her junior and senior years at Okay High School. C.T. said that defendant frequently made inappropriate comments to his students. The FBI search of defendant's school-owned computer contained a photo of a young female in a shower, in which a nipple was exposed. C.T. identified herself as the female in the photo. She also identified several photos on the school-owned computer as having originated from her phone's camera roll. She did not recall giving defendant her phone, but said if he had asked, she would have done so. (5) K.G. (a student) said defendant traded favors (such as permission to be late to class) for the use of students' cell phones. Defendant posted pictures of himself to one student's Snapchat account so that it appeared the student had posted pictures of defendant. Defendant also tried to exchange favors to obtain students' Snapchat passwords. After K.G. graduated, defendant continued contact with her and once engaged in an explicit conversation about sex and masturbation by text message. (6) Defendant borrowed a student's cell phone purportedly to

3

set up his printer, but kept the phone far longer than installing a printer could reasonably be expected to take. (7) T.R. asked defendant if defendant's daughter could spend the night at T.R.'s house. Defendant gave permission but on the condition that T.R. would provide defendant with her Snapchat password. Also, T.R. was once changing clothes in the daughter's bedroom. Defendant knocked and walked in without waiting for an answer. T.R. told defendant she was changing, and defendant responded "Ooh, let me see."

In the context of Rule 404(b) relevance, an extrinsic act's similarity to the charged offense is the linchpin of the analysis. *United States v. Tennison,* 13 F.4th 1049, 1056 (10th Cir.2021). Here, none of the acts described above are sufficiently similar to the charged conduct. Two involve nude photos of showering females, but defendant did not take the photos. The incidents described seem designed (indirectly and sometimes explicitly) to place the word "pervert" in the jury's mind regarding the defendant.

It is true that under Rule 404(b), other-act evidence must not be excluded whenever a propensity inference can be drawn; rather Rule 404(b) excludes the evidence if its relevance to another proper purpose is established *only* through the forbidden propensity inference. *United States v. Washington,* 615 F.Supp.3d 1260, 1268 (N.D.Okla.2022)(citations omitted).

In this regard, the government describes the proposed evidence as demonstrating defendant's familiarity with technology.[*] This seeks to comply with the requirement that the

---

[*]This is the most neutral of the government's theories. Also described are defendant's "pattern of immoral behavior that subjugates the privacy interests of his victims to his sexual arousal and gratification" and "Defendant's sexual fixation with teenage girls and his habitual method of approaching them and gaining their trust as a teacher, adviser, and close friend of his daughter, A.S." In the court's view, these theories

government "articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the other acts evidence" *United States v. Youts*, 229 F.3d 1312, 1317 (10th Cir.2000), but the court does not find it a persuasive one.

Even aside from relevance, the court finds the probative value of the evidence is substantially outweighed by its prejudicial effect. "Evidence is not unfairly prejudicial simply because it is damaging to an opponent's case." *United States v. Conway,* 534 F.3d 1290, 1301 (10th Cir.2008). Rather, "to be *unfairly* prejudicial, the evidence must have an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.*

Depending on the presentation of both parties, the government may be allowed to offer certain general evidence of the defendant's knowledge as rebuttal evidence. This decision awaits the trial.

It is the order of the court that the evidence described in the government's notice (#42) will be excluded.

**ORDERED THIS 26th DAY OF JUNE, 2023.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**

---

describe forbidden character evidence.